## Case No. 10,059.

### The NAVARRO.

[1 Olcott, 127.]

District Court, S. D. New York. April, 1845.

PLEADING IN ADMIRALTY—PLEAS—FORMALITIES—PRACTICE—CROSS ACTION—FORM OF ACTION.

1. By the rules of admiralty practice, pleas or exceptions must set forth the matter in dispute in perspicuous and definite terms, and it is not necessary that they should embody the formalities required in pleading at common law or in chancery.

2. A cross action cannot be maintained in this court, which seeks a re-trial of matters already adjudicated between the parties.

[Cited in The Dove, 91 U. S. 385.]

3. Nor is this rule varied when the subject matter is the same, although one action be in rem and the other in personam; the thing sued being regarded in admiralty as substituted for its owner, and when subject to his responsibilities, entitled at the same time to his immunities.

In admiralty.

O. Bushnell, for libellant.

B. Benedict, for claimants.

BETTS, District Judge. This is a cross action, in rem, on a charter-party, on which the claimants heretofore brought suit against the libellant, and had a decree in their favor in this court. The vessel was chartered to the libellant on a voyage from La Guyana to a plantation about twenty miles to the windward, from thence to La Guyana and Puerto Cabello, with the privilege of going to Maracaibo for a cargo. The libel charges that the vessel proceeded only to the port of Maracaibo, at the head of the lake, and no sufficient cargo being found for her there, the master was requested to proceed up Lake Maracaibo to other ports, where cargo would be found, which he refused to do; and it avers that the usage in that trade is, for vessels chartered to Maracaibo, to go up the lake for cargo when required, without mention of such obligation in the charter. Damages are demanded against the vessel because of the non-performance of such implied contract by the master.

The claimants, by way of exception, set up the former action and the decree of the court therein in bar of this suit, and aver that the same matters sought to be drawn in controversy in this cause have been adjudicated and decreed by this court between the libellant and the claimants herein, and pray that the libel be dismissed. The libellant, by an exceptive allegation, takes issue in law upon the sufficiency of the bar. The alleged insufficiencies of the bar might, most of them, be grounds of special demurrer at law; such as that the averments are not positive, but are merely by way of recital: the want of certainty as to the identity of the subject matter of the two suits; the want of proper form and verification of the plea, &c., &c. Others are inappropriate to this court, as that the

parties are not nominatively the same in the proceedings in both cases, this being in rem, the former in personam; that the issue tendered by the plea is partly en pais and in part to this court (Betts, Adm. 48), and that the particulars of the former action are not alleged in the plea.

The general principle governing pleas or exceptions in admiralty practice is that they must set forth the matter of defence in perspicuous and definite terms, and it is in no way necessary they should embody the formalities which obtain in common law pleas, or even those used in chancery. 2 Browne, Civ. Law, 110; Dunl. Adm. Prac. 196, 197; Betts, Adm. 48. The gist of the plea is, that the present claimants brought their action on this charter-party against the libellant, averring full performance of its engagements on their part; that the libellant contested the action, and the court, on the pleadings and proofs, decreed in favor of the claimants, and that the libellant now seeks to bring the same matters in controversy in this suit.

This defence is sufficient in its material point—the identity of the cause of action in this and the former suit. The substitution in this of the vessel for the owners does not constitute a distinct cause of action. The vessel being chargeable in admiralty with the responsibilities of her owners, takes, also, all their legal privileges and exemptions in respect to the charter-party, and it is substantially sufficient, in its frame, it not being necessary to the validity of the bar that more of the former pleadings be rehearsed than is here set forth. To do so would load the files to no useful end, and the rules of court inhibit all useless prolixities in referring to antecedent pleadings in a cause with a view to bring a point under the consideration of the court which may be material in a new proceeding. Rule 7. The exception to the plea is accordingly overruled, with costs, with leave to the libellant to reply to the plea within ten days.

Ordered and adjudged that the exception filed by the libellant to the plea of the respondents of a former trial and decree upon the subject matter of the suit be overruled, with costs to be taxed, the libel of the libellant be decreed barred and be dismissed, with costs to be taxed, unless the libellant shall elect to reply to said plea; and in that case, that he have leave to file a replication thereto within ten days, on payment of the costs created by such exception, to be taxed.